## Campbell v. The Males Company.

(Decided March 18, 1913.)

### Appeal from Pike Circuit Court.

Action—Non-resident Defendant—When Action Against May Be Brought—Service of Process.—An action against a non-resident defendant may be brought in any county in which he has property or a valid claim for money or property, and when the action is properly so brought, he may be served with a summons anywhere in the State, and the action will thereafter proceed as other civil actions.

J. J. MOORE, A. W. CAMPBELL for appellant.

AUXIER, HARMON & FRANCIS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

A. W. Campbell executed to The Males Company a note for $590, dated August 24, 1909, and due twelve months after date. They brought this suit against him on the note in the Pike Circuit Court. They alleged that the note was wholly unpaid; that Campbell was a non-resident of the State; that he had property in Pike County; that there was a debt due to him by the Alma Coal Company in Pike County, and that he had valid claims for money or property against persons residing

and doing business in Pike County. A warning order was made against Campbell as a non-resident defendant, and a regular practicing attorney was appointed to correspond with him. An attachment was issued which was served upon the Alma Coal Company as garnishee. After this the plaintiff had a summons issued to Boyd County, which was there served upon Campbell. The garnishee filed an answer and the case being submitted, a judgment was entered in favor of the plaintiff, Campbell having failed to appear and make defense. From this judgment Campbell appeals.

It is insisted on the appeal that the Pike Circuit Court was without jurisdiction. Sections 78 and 79 of the Civil Code are as follows:

"An action which is not required by the foregoing sections of this article to be brought in some other county may be brought in any county in which the defendant, or in which one of several defendants, who may be properly joined as such in the action, resides or is summoned.

"In action brought pursuant to section 78, against a single defendant, there shall be no judgment against him, unless he be summoned in the county wherein the action is brought; or, unless he reside in such county when the action is brought and be summoned elsewhere in this State; or, unless he make defense to the action before objecting to the jurisdiction of the court."

It is insisted that the circuit court erred in rendering judgment against Campbell who was the sole defendant in the action as he was not summoned and did not reside in the county wherein the action was brought; and that the action being one simply on a note, is governed by section 78. But it will be observed that section 78 does not include actions which are required by the foregoing sections of the article to be brought in some other county. The action was brought against Campbell as a non-resident of the State, it being alleged that he resided at Alexandria, Virginia. Section 75 of the Code, which is one of the foregoing sections of the article, and governs actions against persons constructively summoned, is as follows:

"Excepting the actions mentioned in sections 62 to 67, both inclusive, and in section 70 and section 76, an action against a defendant who may be proceeded against by a warning order, as is authorized by section 57, must be brought in a county in which the defendant resides at

the commencement of the action; or in which he has property; or in which a person resides against whom he has a valid claim for money or property."

As Campbell was a non-resident of the State and was proceeded against by a warning order pursuant to section 57, the action was properly brought in Pike County, as it was alleged that he had property in that county, and had valid claims for money or property against persons residing there. Section 61 of the Code, which is a part of the article on constructive service, and to be read in connection with section 57, is as follows:

"The plaintiff may, at any time before judgment, have a summons served on the defendant if found in this State, although a warning order may have been previously entered against him; and after such service the case shall proceed as in other cases of actual service."

The action having been properly brought in Pike County against Campbell as a non-resident of the State, the plaintiff under this section was authorized at any time before judgment to have a summons served on the defendant if found in this State, although a warning order had been previously entered against him, and after such service, the case might properly proceed as in any other case of actual service. In other words, the meaning of the Code is that where an action has been brought against a non-resident in the proper county under section 75, the plaintiff may, although a warning order has been entered against the defendant, have a summons served on the defendant if found anywhere in the State. Section 61 does not require that the order of attachment shall be served upon the defendant. It only requires that the summons shall be served upon him. The purpose of the provision is to afford a means of obtaining actual service in an action brought in the proper county under section 75 on constructive service. And this actual service is authorized in any county of the State in which the defendant may be found; for the reason that the defendant being a non-resident of the State, the provision for actual service would be wholly inadequate if the defendant could only be served in the county where the action was brought. By the service of the process in any county in the State, the defendant is given actual notice of the proceedings, and by the express provision of the Code, the action shall thereafter proceed as in other cases of actual service. We, therefore, conclude that the

Pike Circuit Court had jurisdiction, and that the judgment was properly rendered.

Judgment affirmed.