# Morris, et al. v. Cumberland Producing & Refining Company.

(Decided February 10, 1920.)

## Appeal from Jackson Circuit Court.

1. Corporations—Process—Summons—Service on Private Corporation—Chief Officer.—Under section 51 of the Code, in an action against a private corporation, the summons, if executed in the county where the action is brought, must be executed on the chief officer of the corporation in that county, and if executed out of the county must be executed on the chief officer in the state.

2. Corporations—Process—Summons—Service on Private Corporation—Chief Officer.—If there is more than one chief officer in the county in which the action is brought, within the meaning of subsection 33 of section 732 of the Code, it must be executed on the highest chief officer named in this subsection, and if executed out of the county it must be executed upon the highest chief officer who may be found in the state.

3. Corporations—Process—Summons—Sufficiency of Officer's Return—Judgment by Default.—In an action against a private corporation, a summons executed on F described as having charge of the works of the corporation in the county where it was executed, will not authorize a judgment by default.

4. Corporations—Process—Summons—Amendment of Return.—The officer who executed a summons may amend his return to show the true facts when or before a motion is made to quash it, or after a suit has been brought to set aside a judgment on the ground that the officer's return was not sufficient to warrant a default judgment.

A. W. BAKER and C. W. MOORE for appellants.

J. R. LLEWELLYN and R. W. SMITH for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL—
Affirming.

The appellants, Leroy Morris and Harry Daniel, as plaintiffs below, brought suit in the circuit court of Jackson county against the appellee, Cumberland Producing & Refining Company, a Delaware corporation, as defendant, to recover damages for the alleged breach of a contract made and to be performed in Jackson county. When the case came on to be heard, there being no appearance for the defendant, judgment went against it by default for $2,524.00 at the March term of the Jackson circuit court, held on the 28th day of March, 1918.

Thereafter an execution issued on the judgment, and in April, 1918, the Cumberland Producing & Refining Company brought a suit in equity in the Jackson circuit court, seeking to set aside the default judgment and to quash the summons on the faith of which it was rendered, and to enjoin Morris and Daniel from proceeding further under the execution.

The issues in the case having been formed by appropriate pleadings, it was submitted on the pleadings and evidence, and from a judgment setting aside the default judgment, quashing the summons and enjoining the collection of the execution, this appeal is prosecuted by Morris and Daniel.

It appears that in the suit of Morris and Daniel a summons was issued to Estill county, Kentucky, directing the sheriff of that county to summons the Cumberland Producing & Refining Company to answer in ten days after the service of the summons. The sheriff's return of the summons shows that he executed it "by delivering a true copy of the within summons to E. H. Foster, one of the defendants within, and the said E. H. Foster having charge of the Cumberland Producing & Refining works in Estill county. This February 12th, 1918."

It will be observed that this summons commanded the company to answer in ten days after the service, and it is contended that this service was void, because it is provided in section 367a of the Civil Code that if a summons in an action is directed to a county other than the one in which the action is pending, the defendant shall be summoned to answer within twenty days after the service. The summons was irregular, but not void, but no judgment could be rendered on it or other step taken in the case under or by virtue of it until twenty days after the service. L. & N. R. R. Co. v. Smith, 87 Ky. 501. In this case, however, judgment was not rendered nor was any step taken until after the expiration of twenty days from the date of the service and, therefore, we do not regard the error in the summons as to the date when the defendant should answer as material or prejudical.

Passing this, it is next contended that the return of the officer was not sufficient to authorize a judgment by default. It will be observed that the only party defendant to the suit was the Cumberland Producing & Refining Company, a corporation, and the summons directed the

sheriff to "summons the Cumberland Producing & Refining Company."

The sheriff, however, as will be seen by his return, executed the summons on E. H. Foster, who was described in the return as one of the defendants and as a person having charge of the company's works in Estill county. But so much of this return as stated that E. H. Foster was a defendant may be treated as surplusage, because Foster was not a defendant; and so we will consider the sufficiency of the service as if the return showed that the summons had been executed on "E. H. Foster having charge of the Cumberland Producing & Refining Company works in Estill county."

Thus, looking at it, we do not think this return was sufficient to authorize a judgment by default.

Section 51, of the Civil Code, provides in part that, "In an action against a private corporation the summons may be served, in any county, upon the defendant's chief officer, or agent, who may be found in this state; or it may be served in the county wherein an action is brought upon the defendant's chief officer, or agent, who may be found therein."

It is further provided in subsection 33, of section 732, that: "The chief officer or agent of a corporation which has any of the officers or agents herein mentioned is: First, its president; second, its vice president; third, its secretary or librarian; fourth, its cashier or treasurer; fifth, its clerk; sixth, its managing agent."

It will be observed that section 51 makes provision for service of a summons in two different states of case. One where the summons is served in the county wherein the action is brought, and the other where it is served in another county.

Where the service is had in the county where the action is brought, the summons may be served "upon the defendant's chief officer, or agent, who may be found therein." So that if the summons is served in the county where the action is brought, it may be served on any of the chief officers or agents of the corporation mentioned in subsection 33, of section 732, who is found in the county.

In other words, if all of these officers, or more than one, are in the county, it must be served in the order named in this subsection, but if there is only one of them in the county, it may be served upon that one, whether

he be the president, treasurer or managing agent. Service on one will be as sufficient as service on any other if the one on whom service is had is the only one of the chief officers in the county.

If, however, the service is in another county in the state, and there is in the state, but in a county other than the one in which the action is pending, more than one of the chief officers of the corporation, the service must be on the highest chief officer found in the state. When the service is out of the county in which the action is pending, the same order of precedence must be observed in the service of summons as is required in the service in the county in which the action is pending.

For example, if a suit is brought against a corporation in Jackson county, and, at the time the summons is executed, the president of the corporation is in Clark county, its vice president in Harlan county and its managing agent in Estill county, the service must be on the president. If, however, it had no chief officer in the state, except a managing agent, then service on him would be sufficient.

It appears from the record, without dispute, that this corporation at the time the suit was brought and the summons served had its chief office in Lexington, Kentucky. That its president resided in Clark county, and that Foster, who was described in the officer's return as a person having charge of the company's works in Estill county, was in fact its secretary and treasurer. It does not appear that the company had any other chief officers in the state at that time. Therefore, the summons in this case should have been executed on the president of the corporation, and it follows from this that the service on Foster, although he was in fact secretary and treasurer, was not sufficient to authorize a judgment by default.

Counsel for Morris and Daniel rely on the case of Cumberland Company v. Lewis, 32 Ky. L. R. 1300, as authority for the sufficiency of the service on Foster, but we do not think that case sustains the contention of counsel. There the suit was brought in Harlan county and the summons was executed as shown by the return in that county on "J. H. Middleton, chief agent of said company, found in said county of Harlan, there being no other officer or agent of said company found in said county."

On a motion made to vacate a judgment that was rendered by default on this return, it appeared that Middleton was the "managing agent" of the corporation in Harlan county and its chief officer in the county at the time the summons was served. Therefore, under the very language of section 51, summons on Middleton was sufficient, no matter how many superior chief officers the corporation may have had at the time in other counties in the state.

But aside from what has been said as to the necessity for service upon the chief officer the return in the case we have was not sufficient to authorize a judgment by default, because it did not describe the person on whom the summons was served as one of the chief officers named in subsection 33 of section 732. When a summons is served on a person, who is the chief officer or agent of the corporation, the return of the officer should state the position he holds so that the court may be advised by the return whether the person was a chief officer or agent within the Code provision describing such officers.

We had a question like this in Youngstown Bridge Company v. White's Admr., 105 Ky. 273. In that case the return on the summons against the Youngstown Bridge Company, which was a corporation, recited that it was executed by "delivering a true copy of the within to —— Smith, who was the chief agent of the Youngstown Bridge Company, in the county of Daviess, state of Kentucky." On this return, there was a judgment by default.

In holding that the return was not sufficient, the court said: "It does not show what office he held in the company to constitute him its chief agent in Daviess county; nor does it show that he held any of the positions which, in subsection 33 of section 732 of the Code, are enumerated as offices, the holding of one of which might constitute him the company's chief agent, through whom service might be made upon it. The statement in the sheriff's return that he was the chief agent of the company in that county seems to us to be the statement of a legal conclusion of the officer. The court can obtain jurisdiction of a corporation only by service of process on some one of the officers named in subsection 33 of section 732 of the Code; and in order to give the court such jurisdiction, the return must, at least, show that the copy was delivered to a person who held one of those named

offices. Whether, if the officer through whom service is made be of a grade inferior to that of president, the return must also show that his superiors in office were not to be found in the county, is a question not necessary to be decided. The summons, according to the Code, is to be served upon the president, if to be found in the county; if not, then upon the vice president, if he can be found therein; and so on. And it is essential that the return show to what officer the copy was delivered, for the question whether he is the chief officer depends upon his being one of the officers named in subsection 33 of section 732. From the return under consideration, which is a statement of the deputy sheriff's conclusion merely, the court can not determine whether the summons was served in accordance with the law.''

If, however, the officer's return is defective in form or contains a misdescription of the official connection with the company of the person summoned, the return may be corrected to conform to the true facts, as was done in the Cumberland Company case, *supra.* In that case, although the return showed the service of the summons on J. H. Middleton, chief agent, when it was developed that he was in fact the ''managing agent,'' the sheriff was permitted to amend his return to show the fact. And so in this case, the sheriff might at any time, before the judgment was rendered, or on a motion to quash the service, or in the suit brought to vacate the judgment, have been permitted to correct his return so that it might show the true facts as to the connection Foster had with the company.

In this case, however, if the sheriff had returned the summons, as executed, upon Foster as secretary and treasurer of the company, or if he had been permitted to amend his return to show that Foster was the secretary and treasurer, the amended return would not have added anything to the sufficiency of the service, because, as we have said, service on the secretary and treasurer would not have been sufficient, as the president of the company was at that time in the state.

It is likely, although it does not appear in the record, that the company had in the state an authorized agent upon whom process might be served, as provided in section 571, of the Kentucky Statutes, and if it did service on this agent would have been sufficient no matter how many chief officers the corporation may have had in the state, or in what county they could be found.

One purpose in the adoption of this section was to prevent the uncertainty and confusion in the service of process that is exemplified in this case, and the safe practice in suits against corporations where a chief officer cannot certainly be found in the county where the action is pending is to have the process served on the authorized service agent provided for in the statute.

The conclusion we have come to renders it unnecessary to notice other questions raised by counsel. and, therefore, the judgment of the lower court is affirmed.