## Kentucky Central Division of Texas-Louisiana Power Company v. Purvis.

(Decided February 26, 1932.)

DANIEL W. DOGGETT and F. A. HARRISON for appellant.

J. A. RICHARDS and W. S. GUDGELL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN— Affirming.

The appellee, while riding on a wagon which was traveling a public highway near Owingsville, Bath county, Ky., was caught and dragged therefrom by a wire of the appellant which had been allowed to sag down across the road. The appellee brought suit for the injuries thus sustained, and on a trial recovered a verdict for $500. From that judgment this appeal is prosecuted.

Two grounds only are urged for reversal: First, the lower court erred in refusing to quash the sheriff's return on the summons; and, second, it erred in overruling appellant's demurrer to appellee's petition.

The original return of the sheriff on the summons reads:

"Executed by delivering a true copy of the within summons to E. T. Denton, he being General Manager of the within named company, this 11th day of October, 1929. M. H. Botts, S. B. Co., by R. B. Crooks, D. S."

The motion of the appellant, a corporation, to quash this return is in these words:

"Now comes the defendant, the Kentucky Central Light Company, and moves the court to quash the summons executed herein for the reason that same is improperly executed."

On this motion, the court heard evidence, but what evidence was heard has not been brought to this court by a bill of exceptions or otherwise. After hearing testimony, the court permitted the sheriff to file an amended return on the summons in these words:

"The defendant company's president, vice-president, secretary, or its librarian, its cashier, treasurer and clerk, not being found after diligent search in Bath County, I executed the within process on E. T. Denton, Managing Agent of said company, this October 11th, 1929."

There is no complaint concerning the venue of the action. This being so, and the summons having been served in the county where the suit was brought, it could be served under subsection 3, of section 51 of the Civil Code of Practice upon the defendant's chief officer or agent found in that county. Morris v. Cumberland Producing & Refining Co., 187 Ky. 15, 218 S. W. 302, 303. Section 732, subsection 33, defines who is in the order of rank the chief officer or agent of a corporation. The sheriff's amended return eliminated all of the officers and agents so designated by this subsection except that of managing agent, and his return states that the person upon whom the summons was served in this case was the managing agent of the appellant. Although the appellant in its brief vigorously contests the fact that Denton

was the managing agent of appellant in Bath county, yet it must be presumed in the absence of the proof heard by the circuit court on this subject that it sustained the court's finding that Denton was such agent. The court undoubtedly had power to permit the sheriff to amend his return in accordance with the facts. Civil Code of Practice, sec. 49. Cumberland Co. v. Lewis, 108 S. W. 347, 32 Ky. Law Rep. 1300. There is no merit in the first contention of the appellant.

As to the second contention, appellant argues that, although special damages were not sought in the petition, nevertheless, in cataloguing in his petition the injuries for which general damages were sought, appellant should have allocated to each injury the value he placed upon it. Appellant had averred that he was hurt in his throat, head, and ear, and that he had suffered great bodily pain, mental distress, and anxiety. Appellant insists that, as to each of these injuries or claim for injury, the appellee should have alleged a specific money damage, viz., so much for the throat, so much for the head, so much for the ear, and so much for the bodily pain, mental distress, and anxiety. There is no merit in this. In the case of Blue Grass Traction Co. v. Ingles, 140 Ky. 488, 131 S. W. 278, 281, in addressing ourselves to a like contention as here made, we said:

"In actions to recover damages for personal injuries, it is not essential to the statement of a good cause of action that the pleading should state in detail the items of damage the plaintiff has sustained by reason of the injuries complained of or the amount claimed on account of each. The pleader may, if he chooses, describe in a general way the negligence, and the nature and extent of the injuries, and set out that the plaintiff has suffered mental and physical pain and permanent injury thereby to his damage in the amount named, and under this pleading there can be a recovery in a round sum as compensation for the wrong. Gaines v. Johnson, 133 Ky. 507, 105 S. W. 381, 32 Ky. Law Rep. 58; Louisville Ry. Co. v. Gaugh, 133 Ky. 467, 118 S. W. 276; C., N. O. & T. P. Ry. Co. v. Bennette, 134 Ky. 19, 119 S. W. 181." See, also, Cumberland Telephone & Telegraph Co. v. Overfield, 127 Ky. 548, 106 S. W. 242, 32 Ky. Law Rep. 421; Newman's Pleading and Practice (2d Ed.), p. 323.

Some complaint is also made that the negligence was not sufficiently averred, but, without copying the petition in full, it is sufficient to say that it amply charges the appellant with negligently allowing the wire it had stretched across the highway to sag down so low as to obstruct the passage of travel on the highway. Finding no error in the record, the judgment is affirmed.