## Ganaway v. Ganaway's Adm'r et al.

(Decided Nov. 1, 1932.)

GEORGE H. GANAWAY for appellant.

JAMES & JAMES for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Samuel Ganaway, a resident of Hardin county, died testate in the month of May, 1892, survived by his widow, Jane Ganaway, three daughters, Maggie Ganaway, Wrolla Ganaway, and Cora Ganaway, and two sons, Bennie Ganaway, and George Ganaway. His will, which was duly probated in the Hardin county court on June 20, 1892, reads as follows:

"Glendale, Kentucky, Hardin Co.,
Dec. 17, 1890.

"Samuel Ganaway. My wife to have the oldest horse on the place, having but three children at home, Maggie the oldest she is to have Rose the next oldest horse, Wrolla the next oldest is to have the next oldest horse which is Belle Cora, the youngest is to have George the youngest horse, the land being sold when the youngest comes of age all take a equal share wife and all the boys being gone, but if they get back they are to have an equal share.

"Signed by
"Samuel Ganaway."

After the year 1894, Maggie Ganaway died intestate, survived by her husband, Dave Best, and Zolean Phillips, her only child. Several years after the death of the testator, both Wrolla Ganaway and Cora Ganaway, who were then more than 21 years of age, died intestate, unmarried, and without children, and leaving their mother, Jane Ganaway, as their only heir at law. Prior to the date of the will Bennie Ganaway left the state, never returned, and has never been heard of since. George Ganaway also left the state, but did return.

Jane Ganaway died intestate, a resident of Hardin county, in the month of December, 1929, and the Union National Bank was appointed and qualified as the administrator of her estate. At the time of his death Samuel Ganaway, the testator, was the owner of a 28-acre tract of land in Hardin county.

This action was brought by the Union National Bank individually, and as administrator of the estate of Jane Ganaway, deceased, and others, against George Ganaway and others, to sell the land on the ground of indivisibility, and to settle the estate of Jane Ganaway. George Ganaway was proceeded against as a nonresident, but he subsequently filed an answer and entered his appearance. The case was referred to the master commissioner, who was directed to advertise for, receive, and report claims against the estate of Jane Ganaway. The commissioner filed report and supplemental report showing that claims properly verified amounting to several hundred dollars were filed with him, and, no exceptions having been filed thereto, the reports were confirmed. The land was ordered sold, and, though appraised at $420, brought $756, for which proper bond was executed. Thereafter the purchase money was paid by the purchaser and her assignees. The court entered the further judgment that, under the will of Samuel Ganaway, his widow, Jane, and his five children each took an undivided one-sixth interest in the land; that on the death of Wrolla, Cora, and Benjamin (Bennie), each of whom died intestate, unmarried, and without children, their interests passed to their mother, Jane Ganaway, as their only heir at law, and that Jane Ganaway was the owner of a four-sixths interest in the tract of land; that on the death of Maggie Phillips her interest passed to her daughter, Zolean Phillips; and that the remaining undivided one-sixth interest was owned by George Ganaway. After providing for the payment of the costs of the action, including attorneys' fees, there remained in the hands of the commissioner the sum of $657.20. Zolean Phillips and George Ganaway were each adjudged to be entitled to one-sixth of this amount, or $109.50. At the time of the judgment, each was indebted to the Union National Bank in the sum of $52.25. These amounts the Union National Bank was directed to retain, and to pay to Zolean Phillips and George Ganaway the balance due

them, amounting to $57.25 each. The four-sixths of the amount adjudged to belong to the estate of Jane Ganaway were applied to the payment of her debts. George Ganaway appeals.

Appellant's principal contention is that all the orders and judgments were void because the warning order cited him to appear in 30 days instead of at a term not commencing within 60 days after the order was made. There might be some merit in this contention if the warning order was the only means relied on to bring appellant before the court. But that is not the case. Notwithstanding his nonresidence, appellant filed an answer and numerous other pleadings, the effect of which was to enter his appearance and bring him before the court as effectually as if he had been served with process in the county where the action was brought. Elliott County v. Kitchen, 14 Bush, 289; Newport News & M. V. R. Co. v. Thomas, 96 Ky. 613, 29 S. W. 437, 16 Ky. Law Rep. 706; Campbell v. Males Co., 152 Ky. 802, 154 S. W. 918.

The contention that the will is a contingent will, and should not have been probated, as the contingency never happened, cannot be sustained. In the first place, it is now too late to raise the question, as the will was probated nearly 40 years ago. In the next place, the will is not contingent in the sense that it was not to take effect except upon the happening of a certain event. On the contrary, it was effective, and the most that can be said is that the interests of two of the devisees were contingent.

The court did not err in holding that, under the will, each of the devisees, including the widow of the testator, took an undivided one-sixth interest in the land; that on the death of Wrolla, Cora, and Benjamin, intestate and childless, after reaching the age of 21 years, their interest passed to their mother, Jane Ganaway (section 1393, Kentucky Statutes); or that on the death of Maggie Phillips her undivided one-sixth interest passed to her only child, Zolean Phillips.

It would extend this opinion to too great length were we to take up and discuss the numerous grounds urged for reversal. It is sufficient to say that they have been examined and considered with great care, and we do not find any or all of them of sufficient merit

726

to justify a reversal of the judgment. On the contrary, the record discloses that the chancellor was careful to protect appellant's rights, and that he received from the proceeds of the sale of the land all that he was entitled to.

Judgment affirmed.