## Hudson v. Manning.

(Decided Oct. 20, 1933.)

B. B. SNYDER, C. B. UPTON and R. L. POPE for appellant.

H. H. OWENS, E. L. STEPHENS and STEPHENS & STEELY, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The appellant, T. J. Hudson, was one of seventeen candidates for the Republican nomination for jailer of Whitley county in the primary election held August 5, 1933. When the votes were tabulated, it was found that four of the candidates had received more votes than Hudson. John Manning received 2,113; Jeff Young, 914; William Underwood, 923; Tom Taylor, 763; and T. J. Hudson, 753. Manning was awarded the certificate of nomination. Hudson was not convinced by this showing that he had failed to received a plurality of the legal votes cast in the primary election, and he instituted this contest against Manning, Young, Underwood, and Taylor. He alleged in his petition that each of the defendants had violated the Corrupt Practice Act (Ky. St., Sec. 1565b-1 et seq.), and this was the sole ground of contest. Young and Underwood failed to answer, and Taylor answered, merely denying that he had violated the Corrupt Practice Act. The petition was filed and summons issued on August·19, 1933, and Manning filed an answer and counterclaim on August 25, 1933. The contestant moved to strike the answer and counterclaim on the. ground that it was filed in the clerk's office before summons was served on the contestee Manning, and also on the ground that it had not been verified. No proof was taken by contestant to· sustain his charge against any of the contestees, and the case was submitted on the pleadings. The court overruled his motion to strike the answer and counterclaim, and dismissed his petition. The return on the summons was as follows:

"Executed within summons by giving John Manning, William Underwood, T. J. Young, Tom Taylor a true copy of same.

"August 26, 1933.

"Mart West, S. W. C."

After the motion to strike the answer was filed, the contestee Manning moved the court to require the sheriff to amend his return on the summons by showing the exact date when same was served. A number of affidavits were filed in support of the motion and oral proof was heard by the court. It was conclusively shown that the summons was served on Manning on August 22, 1933, by Led Caddell, a deputy sheriff, and on William Underwood on August 23. A summons was

served on Tom Taylor on August 26, and on that day the sheriff made his return. It is argued that in election contest cases the return on the summons cannot be corrected so as to show the true date of service after the time for pleading has expired, and that, since the contestee filed his answer and counterclaim on August 25 when the return on the summons showed that it was not served until August 26, the court was without jurisdiction to consider the pleading. Section 49 of the Civil Code of Practice provides that: "The return or affidavit mentioned in section 47 must state when and how the summons was served, and, if erroneous, may, with leave of the court, be amended according to the truth."

After considering the affidavits filed and the oral proof heard, the court permitted the sheriff to file an amended return on the summons, showing that it was served on Manning on August 22. Under section 49 of the Code, the court had power to permit the sheriff to amend his return in accordance with the facts. Kentucky Central Division of Texas-Louisiana Power Company v. Purvis, 242 Ky. 565, 46 S. W. (2d) 1065; Cumberland County v. Lewis, 108 S. W. 347, 32 Ky. Law Rep. 1300. But, even if the summons had not been served until August 26, the answer was not filed prematurely. If the petition was filed and summons issued, the contestee was not required to wait until the summons was served on him before filing his answer, but he could waive the service of summons and enter his appearance.

Appellant relies upon the case of Lilly v. O'Brien, 224 Ky. 474, 6 S. W. (2d) 715, in which it was held that a contest filed before the final action of the board of canvassers was not within the jurisdiction of the court. That case has no application here because the court acquired jurisdiction of the subject-matter when Hudson filed his petition.

Prior to the enactment of chapter 50 of the Acts of 1930, which repealed section 28 of chapter 7 of the Acts of 1912, a primary election contest proceeding was instituted by giving notice in writing to the person whose nomination the unsuccessful party intended to contest within five days from the time the election commissioners had issued the certificate of nomination. The contestant was required to state in the notice the

grounds of contest and the time and place when and where the contestee should be required to answer and defend such contest, which should not be less than three, nor more than ten, days after the service thereof. Chapter 50 of the Acts of 1930 (Ky. St. Supp. 1933, Sec. 1550-28) changed this procedure by providing for the filing of a petition in the circuit court in the county of contestee's residence within fifteen days from the day of the primary election, stating the specific grounds of contest relied upon and causing a summons to be issued, returnable in ten days. The contestee must file his answer within ten days after service of summons, and contestant may file a reply within five days after answer is filed.

Election contest proceedings are now instituted in the same manner as other actions by filing a petition in the clerk's office and causing a summons to issue thereon. The chief purpose of the statute governing the procedure in such cases is to procure a speedy determination of the issues, and, after the court has acquired jurisdiction of the subject-matter, there is nothing in the statute to prevent the defendant from entering his appearance and thus speeding up the trial of the case just as can be done in other actions. An election contest is no longer a special proceeding. Since the passage of the act of 1930, the procedure is similar in all respects to the procedure in other actions, except as to provisions for a speedy disposition of the case. Humbert v. Heyburn, 240 Ky. 409, 42 S. W. (2d) 538. The court acquired jurisdiction of the subject-matter when the petition was filed and summons issued on August 22, and it could proceed with the trial of the case as soon as it acquired jurisdiction over the person of the contestee. Jurisdiction over the person of a defendant can be acquired by the service of process upon him or by his voluntary appearance and submission. As a general rule, any person sui juris may enter an appearance and confer jurisdiction over his person upon the court. Hunt's Executrix v. Mutter, 238 Ky. 396, 38 S. W. (2d) 215; Johnson v. Holt's Administrator, 235 Ky. 518, 31 S. W. (2d) 895; Ganaway v. Ganaway's Adm'r, 246 Ky. 722, 56 S. W. (2d) 4; Newport News & M. V. R. Co. v. Thomas, 96 Ky. 613, 29 S. W. 437, 16 Ky. Law Rep. 706; Elliott County v. Kitchen, 14 Bush, 289.

The appellant's contention that the contestee's answer was prematurely filed, and that therefore the court was without jurisdiction to consider the pleading, cannot be sustained, and for like reasons his contention that the answer could not be verified after the time for filing an answer had expired also fails. Baird v. Prewitt, 158 Ky. 793, 166 S. W. 771; City of Dayton v. Hirth, 121 Ky. 43, 87 S. W. 1136, 27 Ky. Law Rep. 1209. Verification is not an amendment of a pleading within the meaning of section 1550-28 of the Statutes Supplement 1933, which provides that no ground of contest by either party shall be filed or made more definite by amendment after the expiration of the time given therein to file same.

The judgment is affirmed.