RENDERED: DECEMBER 12, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0488-MR

CENTRAL FARM SUPPLY OF
KENTUCKY, INC.                                                    APPELLANT


                    APPEAL FROM FRANKLIN CIRCUIT COURT
v.                  HONORABLE THOMAS D. WINGATE, JUDGE
                    ACTION NO. 21-CI-00764


COMMISSIONER OF THE
DEPARTMENT OF WORKPLACE
STANDARDS, EDUCATION AND
LABOR CABINET,
COMMONWEALTH OF KENTUCKY
AND KENTUCKY OCCUPATIONAL
SAFETY AND HEALTH REVIEW
COMMISSION                                                        APPELLEES


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: CALDWELL, EASTON, AND L. JONES, JUDGES.

JONES, L., JUDGE: Central Farm Supply of Kentucky, Inc. (Central Farm)

appeals the March 25, 2024 Order of the Franklin Circuit Court dismissing its

petition for administrative review for failure to timely issue a summons to the

Commissioner of the Department of Workplace Standards, Education and Labor Cabinet (Cabinet) and the Kentucky Occupational Safety and Health Review Commission (KOSHRC). After careful review, we reverse the Order of the Franklin Circuit Court and remand to the trial court for consideration of the merits of Central Farm's petition.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 21, 2018, Michael Ransdell, a Central Farm employee, died after falling through a Plexiglas skylight in the roof of Central Farm's warehouse. Central Farm reported the incident to the Kentucky Office of Safety and Health. Following inspection and review, several citations and penalties were issued for violation of safety standards.

Central Farm filed a Notice of Contest, and the matter proceeded to an administrative hearing on February 4, 2020, before a hearing officer. On November 6, 2020, the hearing officer issued his Findings of Fact; Conclusions of Law and Recommended Order (Recommended Order), recommending affirming the citations and penalties. On September 1, 2021, KOSHRC entered a Decision and Order adopting the Recommended Order.

On September 30, 2021, Central Farm filed an action in Franklin Circuit Court, with a pleading titled "Notice of Appeal," naming only the Cabinet as "Appellee" and alleging, to wit:

Comes Appellant and hereby gives Notice, as per KRS[1] 338.091, of its Appeal to Franklin Circuit Court of the Decision and Order of the Review Commission of September 1, 2021, as well as the Hearing Officer's Findings of 11/30/21. [sic]

Record (R.) at 10.

A notation in the certified case history prepared by the Franklin Circuit Court Clerk indicates that a summons was prepared on October 27, 2021, and returned to Central Farm's counsel.[2] No proof of service was ever filed by any process server. The "Notice of Appeal" itself, however, contained a Certificate of Service affirming that a copy of such was sent to counsel at "Workplace Standards Legal Division," KOSHRC, and the hearing officer.

On November 17, 2022, Central Farm, the Cabinet, and KOSHRC (which had not been named in the "Notice of Appeal") tendered an Agreed Order Concerning Briefing on Appeal to the Franklin Circuit Court. R. at 12. That tendered order was signed by the trial court on November 11, 2022. R. at 14.

Following the parties' submission of briefs on the merits of the administrative appeal, the trial court, on July 17, 2023, entered an order, *sua*

---

[1] Kentucky Revised Statutes.

[2] The notation provides as follows:

| | | |
|---|---|---|
| 10/27/2021 | **Summons Filed – COMMISSIONER OF WORKPLACE STANDARD, C** . . . RETURNED TO ATTORNEY/PETITIONER | @0001020409 |

*sponte*, raising the issue as to whether "Central Farm has complied with the requirements to invoke judicial review." R. at 493. In particular, the trial court noted that:

> Central Farm did not file a petition for judicial review but instead filed a "Notice of Appeal" and failed to "include the names and addresses of all parties to the proceeding and the agency involved, and a statement of the grounds on which the review is requested. KRS 13B.140(1). Moreover, the Court is not in possession of the administrative record. There has been no designation of the record nor has the agency transmitted the record to the Court for review.
>
> "As a general rule, '[t]here is no appeal to the courts from an action of an administrative agency as a matter of right. When grace to appeal is granted by statute, a strict compliance with its terms is required.'" *Ky. Unemployment Ins. Comm'n v. Wilson*, 528 S.W.3d 336, 339 (Ky. 2017) (quoting *Bd. of Adjustments of City of Richmond v. Flood*, 581 S.W.3d 1, 2 (Ky. 1978)). The Court is required to ensure litigants strictly comply with the requirements for an administrative appeal. The Court may not apply the lesser doctrine of substantial compliance to administrative appeals. *Kentucky Unemployment Ins. Comm'n v. Carter*, 689 S.W.2d 360, 361 (Ky. 1985).

R. at 493.

To address those concerns, the trial court ordered the parties to brief "whether Central Farm has strictly complied with the requirements for judicial

review in order to invoke this Court's jurisdiction." *Id.* Following briefing,[3] the trial court entered an order on March 25, 2024, dismissing Central Farm's administrative appeal, finding that Central Farm "failed to strictly comply with KRS 338.091(1)" by failing to issue a summons until October 27, 2021, well outside the thirty-day window provided by KRS 338.091(1) to appeal a final decision by the Cabinet. R. at 542. From that March 25, 2024 Order, Central Farm filed a timely appeal.

On appeal, Central Farm argues that dismissal of its administrative appeal on jurisdictional grounds was in error. Furthermore, Central Farm argues that the citations and penalties issued were an abuse of discretion and contrary to the law. We agree that the trial court's decision to dismiss Central Farm's administrative appeal was in error because the Cabinet and KOSHRC waived any defects in Central Farm's invocation of judicial review. However, we decline to address Central Farm's arguments as to the merits of the citations and penalties, finding that task more appropriate for the trial court on remand.

---

[3] On August 16, 2023, Central Farm filed an "Amended Notice of Appeal/Petition for Review" naming the Cabinet and KOSHRC as "Appellees." R. at 518-519. Alongside that "Amended Notice," Central Farm filed a "Designation of Record," R. 526-527, and a Response to the trial court's July 17, 2023 Order. R. at 528-529. In that Response, Central Farm asked leave of the trial court to file the "tendered Amended Notice of Appeal/Petition for Review and Designation of the Record." R. at 528-529. It does not appear from the record before us that the trial court ever ruled on Central Farm's request for leave to file that Amended Notice or Designation of the Record.

## STANDARD OF REVIEW

The trial court disposed of Central Farm's administrative appeal solely on the issue of whether Central Farm complied with the statutory requirements necessary to invoke its jurisdiction, and thus whether the trial court had jurisdiction to entertain that administrative appeal. "The question of jurisdiction is ordinarily one of law, meaning that the standard of review to be applied is de novo." *Appalachian Reg'l Healthcare, Inc. v. Coleman*, 239 S.W.3d 49, 53-54 (Ky. 2007).

## ANALYSIS

KRS 338.091(1)[4] provides in relevant part: "[A]ny party adversely affected or aggrieved by a final order of the review commission may appeal within thirty (30) days to the Franklin Circuit Court on the record for a review of such order." Despite the statute's use of the word "appeal," we recognize that "an appeal to the circuit court from an order of an administrative agency is not a true appeal but rather an original action." *Commonwealth of Kentucky, Transp. Cabinet, Dep't of Highways v. City of Campbellsville*, 740 S.W.2d 162, 164 (Ky. App. 1987). Thus, "the procedural steps required to 'take' an appeal from an administrative agency action are precisely the same steps required to commence

---

[4] KRS 338.091 was amended in 2025. *See* 2025 Ky. Acts Ch. 105, § 2. However, KRS 338.091(1) itself was not amended.

any other original action in the circuit court." *Issacs v. Caldwell*, 530 S.W.3d 449, 454 (Ky. 2017).

Central Farm argues that it strictly complied with KRS 338.091(1) because: (1) Central Farm filed its "Notice of Appeal" within thirty days of KOSHRC's September 1, 2021 Decision and Order; (2) the summons were issued in good faith and Central Farm is not at fault if the circuit court clerk failed to issue summonses "forthwith" along with its "Notice of Appeal" as required under CR[5] 4.01; and (3) the trial court inserted a "court-injected" requirement for summons when KRS 338.091(1) does not specifically require a summons. Tied in with these arguments, Central Farm argues that neither the Commissioner nor KOSHRC were prejudiced by any lack of summons as "both parties entered into an agreed order setting forth a briefing schedule for appeal."

First, addressing Central Farm's argument as to whether a summons is required, Central Farm misunderstands that an administrative appeal is not a true appeal, but, in fact, an original civil action. In *Kentucky Horse Racing Commission v. Motion*, 592 S.W.3d 739, 745 (Ky. App. 2019), the appellees argued that "a summons was not required because it is not mentioned in KRS 13B.140[.]" Disagreeing, a prior panel of this Court observed, "CR 1(2) states that the civil rules 'govern procedure and practice in all actions of a civil nature in the

---

[5] Kentucky Rules of Civil Procedure.

Court of Justice except for special statutory proceedings, in which the procedural requirements of the statute shall prevail over any inconsistent procedures set forth in the Rules.'" *Id.* at 745. After observing case law that provides that an administrative appeal is truly an original action in a circuit court, that prior panel found "that even though KRS 13B.140 does not mention summonses, the summons requirement set forth in the civil rules is not inconsistent with the statutory procedures and is required to commence an action in the circuit court." *Id.*

We do note that KRS 13B.140 governs judicial review of final orders of an agency under that chapter, and that KRS 13B.020(3)(e)2. exempts hearings under the KOSHRC from its purview. However, we believe the same logic regarding the requirement for summonses likewise applies to KRS 338.091(1). In other words, an administrative appeal under KRS 338.091(1) is an original civil action, and an original civil action "is commenced by the filing of a complaint with the court and the issuance of a summons or warning order thereon in good faith." CR 3.01.

As to whether Central Farm filed its "Notice of Appeal" within the appropriate thirty-day window, we note that while Central Farm's pleading[6] was

---

[6] Central Farm's "Notice of Appeal" is written to attempt to conform to Kentucky Rule of Appellate Procedure (RAP) 2(B). An administrative "appeal" should instead conform to CR 8.01(1) which requires that "[a] pleading which sets forth a claim for relief . . . shall contain (a) a short and plain statement of the claim showing that the pleader is entitled to relief and (b) a demand for judgment for the relief to which he deems himself entitled." We question whether the "Notice of Appeal" filed satisfies the requirement of CR 8.01(1), although we note that CR

filed within thirty days of KOSHRC's Decision and Order, the civil action does not actually commence until "the issuance of a summons . . . in good faith." KRS 413.250 likewise provides that "[a]n action shall be deemed to commence on the date of the first summons or process issued in good faith from the court having jurisdiction of the cause of action."

CR 4.01(1) provides that it is the duty of the clerk to "forthwith issue the required summons" upon the "filing of the complaint (or other initiating document)[,]" and then "at the direction of the initiating party" to: (a) send the summons and complaint by registered or certified mail "to the person to be served at the address set forth in the caption or at the address set forth in written instructions furnished by the initiating party"; (b) "[c]ause the summons [or] complaint (or other initiating document) . . . to be transferred . . . to any person authorized . . . to deliver them, who shall serve the summons and accompanying documents" or (c) "at the request of the initiating party, return the summons and complaint (or other initializing document), with necessary copies, to that party for service." It is further the circuit court clerk's duty to issue the summons forthwith,

---

8.05(1) states that "[n]o technical forms of pleadings or motions are required" and CR 8.06 provides that "[a]ll pleadings shall be so construed as to do substantial justice." Moreover, as discussed further in this Opinion, we believe that any potential defects in the "Notice of Appeal" were waived.

and Central Farm has no "power to compel the clerk to issue summons." *Nanny v. Smith*, 260 S.W.3d 815, 817 (Ky. 2008).

The record is silent as to why the summons was not issued until nearly a month after Central Farm's pleading was filed. The only indication as to what happened with the summons after it was issued comes from exhibits attached to KOSHRC's brief in response to the trial court's July 17, 2023 Order. *See* R. at 510-517. Exhibit 1 to that brief indicates that the summons issued for the Cabinet on October 27, 2021, was returned to Central Farm. R. at 517. Exhibit 2 to that brief indicates that the summons was received by Office of Attorney General as agent for service of process for the Cabinet on August 9, 2022. R. at 516. However, any notation on that exhibit is an internal stamp indicating it was received by the Attorney General's office, not a return of service required by CR 4.03.[7] No return of service for any summons appears in the record.[8]

Even if we assign fault to no one regarding the mystery of why the summons was issued nearly a month after Central Farm's pleading or the mystery of why it took so long for the summons to be served, as stated, *supra*, the action is

---

[7] CR 4.03 provides "[t]he person serving the summons shall make proof thereof to the court promptly, and in any event within the time during which the person served must respond."

[8] A copy of the summons appears in the Administrative Record (AR). That copy of the summons does not indicate receipt by the Attorney General's office but does note receipt by "DWS Legal Division" on August 10, 2022 and receipt by KOSHRC on January 25, 2023. AR at Tab 40 (the administrative is not Bates stamped as the circuit court record, so citations to the administrative record shall be by individual dividing tabs).

not commenced until the summons is issued "in good faith." KRS 413.250; CR 3.01. "Good faith essential for the commencement of the action has long been construed to require a contemporaneous intention on the part of the initiating party to *diligently* attend to the service of the summons." *Issacs*, 530 S.W.3d at 456 (emphasis added). Moreover, in this case, Central Farm had "the burden of demonstrating a bona fide, unequivocal intention to have the summons served . . . presently or in due course after the filing of the [administrative appeal], and without abandonment." *Id.* at 457. Indeed, Central Farm has a duty to "[act] diligently with a substantial effort to secure service of the summons." *Id.* at 456.

Central Farm argues that not only did the circuit court clerk fail to issue the summons "forthwith," but the circuit court clerk failed to "seek the directions of the attorney as to how service was to be obtained." Appellant's Brief at 9. There is nothing in the record (*e.g.* no affidavit by Central Farm's counsel in the administrative appeal[9] or any deputy clerk in Franklin Circuit Court) that supports Central Farm's claim that the Franklin Circuit Court Clerk failed to seek any directions as to service. Rather, what scant evidence we have in the record would support just the opposite, the notation in the Certified Case History and Exhibit 1 to KOSHRC's response to the trial court's July 13, 2023 Order indicates

---

[9] Counsel who initiated Central Farm's administrative appeal to Franklin Circuit Court is different than its counsel on appeal in this Court.

-11-

that the summons was in fact returned to Central Farm for service.  There is nothing in the circuit court record to indicate why the summons was not received by the Attorney General until August 9, 2022, nor does Central Farm offer any such reason now.[10]  If the onus is on Central Farm to show that it acted "diligently with a substantial effort to secure service of the summons," then Central Farm simply fails to do so.

By all accounts, Central Farm failed to comply with requirements of KRS 338.091.  However, our Supreme Court has recently recognized in *Louisville Historical League, Inc. v. Louisville/Jefferson County Metro Government*, 709 S.W.3d 213, 227 (Ky. 2025), that "[c]ompliance with particular statutory requirements on how to invoke [the jurisdiction of the circuit court to review administrative decisions] will always . . . be an issue of particular-case jurisdiction."  This is important because "particular-case jurisdiction is subject to waiver." *Commonwealth v. Steadman*, 411 S.W.3d 717, 724 (Ky. 2013).

---

[10] The Administrative Record indicates that on August 1, 2022, Shannon Lancaster from the Cabinet sent Central Farm a letter noting it was overdue in paying the penalties resulting from the citations.  AR at Tab 40.  On August 8, 2022, Central Farm's counsel sent a reply stating, "My client received the enclosed notice of Payment Penalty Overdue.  (sic) Please find the Notice of Appeal I filed on behalf of my client." *Id.*  On that same date, Central Farm sent a letter to counsel for the Workplace Standards Legal Division, stating "Please find enclosed my letter to Ms. Lancaster." *Id.*  Both letters are dated as having been received on August 10, 2022. *Id.*  A copy of Central Farm's Notice of Appeal in Franklin Circuit Court and copy of a civil summons (albeit unserved) appear to have been enclosed in those letters. *Id.*  Those copies are also dated as having been received on August 10, 2022. *Id.*

To begin, the trial court noted that because Central Farm failed to strictly comply with KRS 338.091(1), such failure deprived the circuit court of jurisdiction to hear the administrative appeal. However, we need to clarify what is meant by jurisdiction. As explained in *Nordike v. Nordike*, 231 S.W.3d 733, 737-38 (Ky. 2007):

> Despite its preeminent place in the legal canon, the word ["]jurisdiction["] is more easily used than understood. This is because the term is too often used in a loose fashion, with the single word being used to describe several related but nevertheless very different concepts. There are actually three separate types of jurisdiction, all of which must be met before a court may hear a case.
>
> First there is personal jurisdiction, or the court's authority to determine a claim affecting a specific person. When the question is whether the court has the power to compel a person to appear before it and abide by its rulings, this is a question of personal jurisdiction. . . .
>
> Often, discussions of jurisdiction concern subject-matter jurisdiction, or the court's power to hear and rule on a particular type of controversy. Subject matter jurisdiction is not for a court to take, assume, or allow. [S]ubject-matter jurisdiction cannot be born of waiver, consent, or estoppel, but is absent only where the court has not been given any power to do anything at all in such a case. . . . A court either has it or it doesn't, though admittedly there are times when more than one court may have subject matter jurisdiction or it is difficult to determine which court does.
>
> Finally there is jurisdiction over the *particular* case at issue, which refers to the authority and power of the court to decide a *specific* case, rather than the class of cases over which the court has subject-matter jurisdiction. This

kind of jurisdiction often turns solely on proof of certain compliance with statutory requirements and so-called jurisdictional facts, such as that an action was begun before a limitations period expired. [A]lthough a court may have jurisdiction over a particular class of cases, it may not have jurisdiction over a particular case at issue, because of a failure by the party seeking relief to comply with a prerequisite established by statute or rule.

(Internal quotations and citations omitted.)

The Kentucky Supreme Court noted in *Louisville Historical League* that "[t]here is a plethora of cases stating the failure to strictly comply with a statute in taking an administrative appeal is jurisdictional, but [the Kentucky Supreme Court] has spoken contrarily as to whether that is specifically an issue of subject matter or particular-case jurisdiction." 709 S.W.3d at 223. After examining cases on the matter, the Kentucky Supreme Court concluded that:

pursuant to Sections 2 and 14 of the Kentucky Constitution, a citizen has an inherent right of appeal from administrative decisions and the judiciary has general subject matter jurisdiction to review administrative decisions for arbitrariness. Compliance with particular statutory requirements on how to invoke that jurisdiction will always therefore be an issue of particular-case jurisdiction.

*Id.* at 226-27.

We note that Central Farm never specifically argued waiver before the trial court, though Central Farm did, in fact, note in one of its responses to the trial court's July 13, 2023 Order that both the Cabinet and KORSHC had filed

-14-

substantive briefs without any objection. R. at 538. In its brief on appeal, Central Farm has argued that the Cabinet "admits it was on notice of the Appeal and voluntarily entered its appearance without needing to be served, thereby waiving any defect related to summons." Appellant's Brief at 11. Furthermore, Central Farm notes that KOSHRC "entered its appearance without objection or motion to dismiss[.]" *Id.* Not only that, Central Farm notes that the parties all entered into a briefing schedule and filed briefs as to the merits of the administrative appeal. While *Louisville Historical League* notes that arguments regarding defects in adherence to statutory requirements for administrative appeals must first be raised in the trial court, we believe that Central Farm's arguments below suffice and will entertain its arguments on appeal that the Cabinet and KOSHRC waived any statutory defects.

As discussed, *supra*, Central Farm's service on the Cabinet was defective. Moreover, Central Farm did not name KOSHRC in its pleading, nor properly serve that agency. However, "[w]here the court has jurisdiction of the subject-matter of the action, a general appearance by the defendant waives all defects in the process or in the service of the process, or even the service of process at all." *Brumleve v. Cronan*, 197 S.W. 498, 504 (Ky. 1917). Regarding failure to name a party in an action: "[j]urisdiction over the person of a defendant can be acquired by the service of process upon him or by his voluntary appearance and

submission. As a general rule, any person sui juris may enter an appearance and confer jurisdiction over his person upon the court." *Hudson v. Manning*, 63 S.W.2d 943, 945 (Ky. 1933). Furthermore, our civil rules recognize that:

> A defense of lack of jurisdiction over the person . . . insufficiency of process, or insufficiency of service of process is waived (a) if omitted from a motion in the circumstances described in Rule 12.07, or (b) if it is neither made by motion under Rule 12 nor included in a responsive pleading or an amendment thereof permitted by Rule 15.01 to be made as a matter of course.

CR 12.08(1).

Neither the Cabinet nor KOSHRC made any objection as to insufficient service. Moreover, even though KOSHRC was not named as a party in Central Farm's "Notice of Appeal," both KOSHRC and the Cabinet voluntarily entered into an Agreed Order concerning briefing the merits. Thus, both the Cabinet and KOSHRC waived any objection as to service and specifically KOSHRC waived any possible objection to lack of personal jurisdiction by voluntarily entering its appearance and participating in the proceedings. Consequently, both the Cabinet and KOSHRC waived any objections to Central Farm's failure to strictly comply with KRS 338.091(1) and therefore they have waived any objections to particular-case jurisdiction.

Furthermore, any objection as to particular-case jurisdiction should be made by the *parties*, not the trial court. As noted in *Doe v. Golden & Walters,*

*PLLC*, 173 S.W.3d 260, 270 (Ky. App. 2005), "[i]t is well-established that the issue of subject matter jurisdiction can be raised at any time, even *sua sponte*, as it cannot be acquired by waiver, consent, or estoppel." (Citations and footnotes omitted.) However, "where the parties have failed to timely raise particular-case jurisdictional challenges, a reviewing administrative body or court must refrain from interjecting itself into the litigation by belatedly asserting those issues *sua sponte*." *Basin Energy Co. v. Howard*, 447 S.W.3d 179 (Ky. App. 2014) (citation omitted). Because the parties had completed briefing on the merits, without any objections as to particular-case jurisdiction, the trial court erred by asserting that jurisdictional question *sua sponte*.

Because the Cabinet and KOSHRC waived any objections as to particular-case jurisdiction, and the trial court erroneously raised the issue *sua sponte*, we must reverse the trial court's judgment. In doing so, we note that the trial court rendered its judgment well in advance of *Louisville Historical League*, and we note that the Kentucky Supreme Court used *Louisville Historical League* to clarify what was admittedly contradictory case law guiding our lower courts. It is arguable as to whether *Louisville Historical League* announced a *new* rule, but even so, that case would apply to "cases now pending on appeal in which the issue is raised." *See Maney v. Mary Chiles Hosp.*, 785 S.W.2d 480, 482 (Ky. 1990).

-17-

We decline, however, to address the merits of the administrative appeal. As mentioned, *supra*, an administrative appeal is still a civil action. A civil action ends in a judgment. CR 54.01 ("A judgment is a written order of a court adjudicating a claim or claims in an action or proceeding."). As noted in *Klein v. Flanery*, 439 S.W.3d 107, 123 (Ky. 2014) "[Appellate courts] review judgments; we do not make them." The trial court's judgment on appeal only concerned jurisdiction; not the merits of the administrative appeal. The task of reviewing the merits lies with the trial court on remand.

## CONCLUSION

The Franklin Circuit Court determined that it did not have jurisdiction to entertain Central Farm's administrative appeal due to Central Farm's failure to strictly comply with KRS 338.091(1). While Central Farm did not strictly comply with KRS 338.091(1), *Louisville Historical League* clarified that any such failure only applies to the trial court's particular-case jurisdiction over the administrative appeal. Because neither the Cabinet nor KOSHRC objected to any failure in strict compliance but instead fully participated in briefing the trial court on the merits, the Cabinet and KOSHRC waived any objections to lack of particular-case jurisdiction, and the trial court could not raise the issue *sua sponte*. Thus, the trial court erred in dismissing Central Farm's administrative appeal. On remand, the trial court shall consider the merits of Central Farm's administrative appeal.

-18-

For the foregoing reasons, we REVERSE the March 25, 2024 Order of the Franklin Circuit Court dismissing Central Farm's administrative appeal for lack of jurisdiction and REMAND for the trial court to decide the administrative appeal on the merits.

ALL CONCUR.

BRIEF FOR APPELLANT:

Edward H. Bartenstein
Louisville, Kentucky

BRIEF FOR APPELLEE
KENTUCKY OCCUPATIONAL
SAFETY AND HEALTH REVIEW
COMMISSION:

E.H. "Chip" Smith, IV
Frankfort, Kentucky

BRIEF FOR APPELLEE
COMMISSIONER OF THE
DEPARTMENT OF WORKPLACE
STANDARDS, EDUCATION AND
LABOR CABINET:

Joshua R. Hurley
Frankfort, Kentucky