OPINION OF THE COURT BY JUSTICE VENTERS' Appellants, Ken Isaacs . and Annetta Cornett, appeal from a decision of ‘ the Court of Appeals which affirmed the order of the Scott Circuit Court dismissing their appeal of a Georgetown-Scott County Planning Commission (Planning Commission) decision. The Planning Commission had approved a plat amendment requested by developer John Tackett to remove a planned, but as yet unconstructed, lake from the “development plan applicable to Appellants’ subdivision. Appellants sought judicial review of the Commission’s action by filing ah appeal in the Scott Circuit Court. : The circüit court dismissed the appeal after concluding that it lacked jurisdiction over the matter because Appellants had not properly commenced their action within the applicable statutory time period. The Court of Appeals affirmed the circuit court’s order of dismissal. We granted discretionary review. For the reasons stated below, we affirm the Court of Appeals. I. FACTUAL AND PROCEDURAL BACKGROUND Appellants are property owners in Harbor Village Subdivision in Scott County, Kentucky. On June 14, 2012, the Planning Commission approved the application of Harbor Village’s developer, John Tackett, to amend the subdivision development, plat so that he could eliminate a proposed lake featured on the current development plat. Appellants opposed the amendment of the plat upon the grounds that they had purchased their property in the subdivision relying upon the enhanced aesthetic and economic value that would be provided by the lake. Town and Country Bank (the Bank) owns the property upon which the lake was to be situated and is therefore a necessary party to the appeal. KRS 100.347(4) states; “The owner of the subject property and applicants who initiated the proceeding- shall be made parties to the appeal.” Appellants had until July 16, 2012, to appeal the Commission’s decision by initiating an action for judicial review in the circuit court.[1] On that afternoon shortly before closing time, in the office of the Scott Circuit Court Clerk, Appellants’ counsel filed a pleading titled, “Appeal from Decisions of Scott County Planning Commission” (the Appeal), naming in the caption as “Defendants/Appellees,” Tack-ett, the Bank, and the Planning Commission and its individual members.[2] Tackett and the Planning Commission had executed a waiver of formal service of process, which Appellants’ counsel filed along with the appeal. The Bank, however, had not waived service of process and so Appellants presented the circuit clerk’s office with a summons form for the Bank. The summons form correctly styled the case with the names of the parties, but it did not indicate the name and address of the Bank’s agent for service of process, and it did not provide the Bank’s street address. Consistent with his customary practice, Appellants’ counsel requested the deputy clerk on duty to formally issue the summons and return it to him so that he could arrange to have it served, either by delivering the summons himself or having it done by the sheriff or an authorized constable.[3] That plan went awry when the deputy clerk refused to issue the summons without having the Bank’s address and service of process information added to it. Counsel did not have that information with him, although it was available at his office, which was a short walking-distance away. Although he disagreed with the deputy clerk’s interpretation of her duty regarding the need to fill in the Bank’s address before issuing the summons, rather than retrieving the information at his office while the clerk waited, possibly past the clerk’s office’s usual closing time, the attorney left the clerk’s office with the summons unissued. He walked to the office of the Bank’s attorney to hand-deliver a copy of the Appeal, hoping to secure the Bank’s waiver of service of process. The office of the Bank’s attorney had already closed for the day. Consequently, the Appeal was filed in the final few minutes of the limitations period, but the summons for the Bank was not issued by the clerk. The next day, one day after the filing deadline, counsel returned to the clerk’s office where a different deputy clerk issued the summons for the Bank as originally tendered by counsel, without the Bank’s address or its registered agent information. Pursuant to counsel’s directive, the clerk returned the summons form to counsel as provided by CR 4.01(c). Counsel again visited the Bank’s attorney hoping to have him either accept service of process on behalf of the Bank or waive service of process. The Bank declined. About three weeks later, Tackett moved for dismissal of the action, asserting that the circuit court lacked jurisdiction over the case because the Bank, a statutorily-required party, had not been properly included in the action within the applicable limitations period. Appellants’ counsel had retained a constable to serve the summons on the Bank. The constable proceeded to attempt service of the summons and the initial pleading (the Appeal) by handing it to a Bank teller who was not the Bank’s registered agent for service of process.[4] The Bank then entered a special appearance to challenge the circuit court’s jurisdiction to proceed in the absence of valid service on the Bank. After an evidentiary hearing on the motions of the Bank and Tackett to dismiss, the' circuit court concluded that it lacked jurisdiction because Appellants had not strictly complied with the provisions of KRS 100.347 by taking their appeal within the statutorily-allotted time period. . . Central to the circuit court’s analysis was its application of Civil Rulé’ 3.01, which states: “A civil-action is commenced by the filing of a complaint with the court and the issuance of a summons or warning order thereon in good faith!” The 'circuit court reasoned that the action was not timely commenced because, although the Appeal was filed within the allotted time period, counsel’s failure to diligently effectuate service of the summons on the Bank, an indispensable party, established that the Bank’s summons was not issued in good faith. Consequently, the court determined, the action was not commenced before expiration of the statutory limitations period, leaving the court without jurisdiction to grant relief to Appellants. A divided Court of Appeals affirmed the circuit court’s decision. . -. . II. ANALYSIS We begin our analysis with the general rules applicable to judicial review of administrative agency actions, including local planning commissions. In American Beauty Homes Corporation v. Louisville and Jefferson County Planning and Zoning Commission, our predecessor Court recr ognized an “inherent right - of appeal from orders of administrative agencies where constitutional rights are involved, and section (2) of the [Kentucky] Constitution prohibits the exercise of arbitrary power.” 379 S.W.2d 450, 456 (Ky. 1964) (internal citations and footnote omitted). The Court further noted that judicial review for “arbitrariness” included (1) administrative actions in excess of granted powers, (2) failure of the agency to provide procedural due process, and (3) the absence of substantial evidentiary support for agency findings. Id. Subject to those constitutional constraints, we acknowledge the authority of the General Assembly to prescribe by statute the procedures for seeking and securing judicial review, of an administrative ruling. Out of deference to that authority, we require strict compliance with the statutory procedures. Triad Development/Alta Glyne, Inc. v. Gellhaus, 150 S.W.3d 43, 47 (Ky. 2004) (“[W]hen the right of appeal [from an administrative agency’s ruling] ... is codified as a statutory procedure, as it is in KRS 100.347, then the parties are required to strictly follow those procedures.”). Based upon these principles, to obtain judicial review of the Planning Commission’s approval of Tackett’s proposed plat amendment, Appellants had to strictly comply with all relevant statutory requirements for bringing its action in the circuit court. KRS 100.347(2) provides that anyone claiming to be injured or aggrieved by a final action of a planning commission may take an appeal of that action in the circuit “court of the county in which the affected property lies. The statute requires that “such appeal shall be taken within thirty (30) days after such' action.” (Emphasis added.) The statute further directs: “All final actions which have not been appealed within thirty (30) days shall not be subject to judicial review.” To determine whether Appellants strictly complied with the time limitations provided in KRS 100.347(2), we must parse what is meant by the phrase “such appeal shall be taken.” KRS 23A.010(4) provides that.“[t]he Circuit Court may be authorized by law to review the actions or decisions of administrative agencies, special districts or boards, Such review shall not constitute an appeal but an original action,” (Emphasis added.) We.construe that language as a legislative directive that the judicial review of administrative actions shall be governed by the same procedural rules of the courts applicable to original actions. The judicial review authorized by KRS 100.347(2) falls squarely within that mandate, In Transportation Cabinet, Department of Highways v. City of Campbellsville, 740 S.W.2d 162, 164 (Ky. App. 1987), the Court of Appeals recognized that “[a]n appeal to the circuit court from an order of an administrative agency is not a true appeal but rather an original action.” It logically follows that the procedural steps required to “take” an.'appeal from an administrative agency action are precisely the same steps required to commence any other original action in the circuit court. The rules that determine when a civil action commences, therefore, determine when an appeal of an administrative action has been taken. •CR 3.01 provides that “[a] civil action is commenced by the filing of a complaint with the court and the issuance of a summons or warning order thereon in good faith.” Similarly, KRS 413.250 provides that “[a civil] action shall be deemed to commence on the date of the first summons or process issued in good faith from the court having jurisdiction of the cause of action.” Furthermore, “[i]f the action is commenced by the filing of the petition and the issuance of summons, and only one time period is specified, it must follow that both actions [that, is, the filing of the petition or other initial pleading and the issuance of the summons] must be taken within the period of time provided in the statute.” Metro Medical Imaging, LLC v. Commonwealth, 173 S.W.3d 916, 918 (Ky. App. 2005). CR 4.01(1) provides that “[u]pon the- filing of the complaint (or other initiating document) the clerk shall forthwith issue the required summons and, at the direction of the initiating party, either [ (a) ... (b) ... or] (c) At the request of the initiating party, return the summons and [the initiating document] with necessary copies, to that party for service.” (Emphasis added.) The record plainly establishes that Appellants’ counsel filed the Appeal before' the expiration of the time pre-; scribed by KRS 100.347(2) and that he simultaneously tendered a summons form which the clerk' refused to issue “forthwith.” Counsel for Appellants (the “initiating party”) exercised the prerogative contained in CR 4.01(l)(c) and directed the clerk to return the issued summons to him so that he could arrange for its service. By choosing that option, counsel assumed the responsibility for the service of the summons by whatever means he could arrange. The lack of an address for service on the Bank afforded the clerk no justification for refusing to issue the summons “forthwith.” Nothing in the civil rules or statutes governing the initiation of a civil action in circuit court permits the clerk to withhold issuance of the summons simply because the defendant’s address is - not stated thereon. Accordingly, the instructional guide prepared for circuit clerks by the Administrative Office of the Courts, Kentucky Circuit Court Clerks’ Manual (Manual), Section 18.1, states “The Clerk is required under CR 4.01(1) to issue a summons immediately upon the filing of the complaint or petition.” (Emphasis added.) Nothing in the Manual directs or authorizes the clerk to withhold issuance of the summons pending receipt of a defendant’s address. “[I]t is the official duty of the clerk to issue the summons in accordance, with law, and it is not incumbent upon the plaintiff to see that he issues it in accordance with law.” Nanny v. Smith, 260 S.W.3d 815, 817 (Ky. 2008) (quoting Louisville & N.R. Co. v. Smith’s Adm’r, 87 Ky. 501, 9 S.W. 493, 495 (1888)). Appellants rely upon Nanny to support their contention that the imperfections attending the filing Of their appeal in the circuit court should not be fatal to their effort to secure judicial review of the Planning Commission’s decision. We agree that Nanny provides equitable principles that mitigate some of the procedural problems they face; but it does not entirely solve Appellants’ problem. In Nanny, acting without the help of a lawyer and with the applicable statute of limitations closing in, the plaintiff (Nanny) presented her complaint to the clerk, leaving it with the expectation that the clerk would prepare and issue the summons to be served upon the defendant as set forth in CR 4.01(l)(a). However, the clerk’s office did not immediately file the complaint and issue the summons. Instead, the clerk’s office set aside Nanny’s papers and left them unattended for two days, and then the clerk finally filed the complaint and issued the summons. By that time, however, the statute of--limitations had expired. The circuit court dismissed the complaint as untimely; the Court of Appeals affirmed the dismissal. ■ On discretionary review, we recognized that Nanny had complied with the rules for the filing of her complaint, and “should not be punished for the clerk’s failure to promptly perform official duties mandated by statute and court rule.” Accordingly, we applied the equitable principle of “deeming done what should have been done per CR 4.01.” 260 S.W.3d at 818 (citing Robertson v. Commonwealth, 177 S.W.3d 789 (Ky. 2005) (holding that equitable tolling is appropriate in circumstances that are beyond the party’s control when the party has exercised due diligence and is clearly prejudiced)). “It is an ancient but enduring principle that equity regards as done that which ought to have been done.” Johnson v. Potter, 433 S.W.2d 358, 362 (Ky. 1968). We have no hesitation in concluding that the summons to be served on the Bank should have been issued by the clerk and returned to Appellants’ counsel when the Appeal was filed in the waning moments of the applicable limitations period. Appellants’" counsel had done all that was required by law to secure the issuance of the summons, and'he did nothing to cause the delay. “There is no reason why that which was intended and ought to have been done then should not now be considered as having been done.” Id. The application of this principle in these circumstances does no violence to our policy of strict compliance with the legislative mandate for judicial review of administrative agency actions. As previously noted herein, KRS 23A.010(4) directs that judicial review of administrative agency actions or decisions constitute “original action[s]” in the circuit court. Equitable principles applicable to Original' civil actions are equally applicable to original actions seeking judicial review of a planning commission action. Therefore, we regard the summons for the Bank to have been issued contemporaneously with the filing of the Appeal before the expiration of the time limitation. The timely issuance of the summons, however, does not mean that Appellants’ action commenced within the statutory limitation period. CR 3.01 requires not simply “the issuance of the summons;” it requires “the issuance of the summons in good faith.” (Emphasis added.) The good faith essential for the commencement of the action has long been construed to require a contemporaneous intention on the part of the initiating party to diligently attend to the service of the summons. Our predecessor Court explained in Louisville & N.R. Co. v. Little: All the authorities are to the effect that the cause of action is not commenced until there is a bona fide intention to have the summons filled out and signed by the clerk, accompanied by bona fide, unequivocal intention to have it served or proceeded on presently or in due course or without abandonment. Action and intention combined constitutes the commencement of the suit, because a summons filled out and signed, with no intention of having it served is altogether inoperative. ... But a summons simply filled up and lying in the office of an attorney would not constitute an issuing of the summons as provided for in the [applicable statute]. 264 Ky. 579, 95 S.W.2d 253, 255 (1936) (internal citations omitted, emphasis added). “The issuance of a summons does not commence an action unless accompanied by an intent that the summons be served in due course.” Whittinghill v. Smith, 562 S.W.2d 649, 650 (Ky. App. 1977). Similarly, “[t]he rule seems to be firmly established in this jurisdiction that in the absence of a showing of a valid excuse for the delay, a summons issued by the clerk and delivered to the plaintiff or his attorney is not deemed to have been issued in good faith until it is given to the sheriff or other proper, officer to be served.” Wooton v. Begley, 305 S.W.2d 270, 271 (Ky. 1957). We disagree with the dissent’s view that good faith was demonstrated because Appellants’ counsel “personally tried to serve the summons shortly after the deputy circuit court clerk issued it.”[5] Rather than securing the service of process, counsel’s effort was devoted toward getting the Bank to waive the service of the summons. We do not equate the effort to secure the waiver of service with a good faith effort to have the summons served. Instead of acting diligently with a substantial effort to secure service of the summons upon the Bank, Appellants’ counsel made only a modest attempt in a different direction to obtain a waiver of service, which the Bank declined to provide. Thereafter, counsel apparently did nothing to effectuate service for three weeks, and then Tackett moved to dismiss the case. The final effort at serving the summons was the employment of the constable, who left the summons and the initial pleading with a teller at one’of the Bank’s Scott County branches, thus prompting the Bank’s special appearance and motion to dismiss for improper service of process, the propriety of which is not before this Court and upon which we express no opinion. Appellants have the burden of demonstrating a bona fide, unequivocal intention to have the summons served on the Bank, presently or in due course after the filing of the Appeal, and without abandonment. A summons form, filled out and signed, but with no present intention of having it served is altogether inoperative. Little, 95 S.W.2d 253; Wooton, 305 S.W.2d 270; Gibson v. EPI Corporation, 940 S.W.2d 912 (Ky. App. 1997). The delay in service of the summons was explained only by counsel’s preference to obtain the Bank’s waiver of service of process. The trial court considered all the foregoing events and determined that “Appellants] failed to issue a summons in good faith when [counsel] made no diligent effort to hire a servicer, or to personally, serve [the Bank] until August of 2012,” more than three weeks after the expiration of the time for commencing the action. The. trial court’s finding of fact on this issue is supported by substantial evidence and so is binding in our review. CR 52.01. Appellants direct our attention to Ky. 707, 131 S.W.2d 840 (1939), which holds that an action may be commenced in good faith even if the- attorney does not immediately serve the summons on a party so long as the delay under the circumstances is not sufficiently lengthy to negate good faith. In Rucker’s Adm’r, our predecessor Court held that a delay of six weeks in serving a party could show negligence, but not necessarily bad faith, depending upon the reason for the delay. During this interval, the attorney was attempting to determine the proper agent to serve, his wife was ill for three weeks, and the summons was misfiled, requiring him to obtain another-one. The Court explained that the attorney’s actions likely amounted to negligence, but that “the circumstances shown in this particular case are not such as to negate a lack of good faith at the time the summons was issued or to,indicate abandonment of intention to have it executed in due course.” Id. at 843. The circumstances that confronted the trial court in this case are distinguishable from Rucker’s Adm’r, -where the delay resulted from the confluence of several extraordinary events. No similar factors were presented here. After failing in his attempt to get the Bank to waive service of process, counsel did nothing to advance the service upon the Bank for three weeks, when he engaged the constable shortly before the Bank moved for dismissal. In stark contrast to Rucker’s Adm’r, Appellants offer no compelling explanation for the delay other than counsel’s preference for securing a waiver of service of process. We agree with the circuit court and the Court of Appeals that the Appellants have failed to comply with the “good faith” element in the issuance of the summons. Consequently, we cannot regard the action as having been commenced before the expiration of . the time allotted .by KRS 100.347(2). . III. CONCLUSION For the foregoing reasons, the decision of the Court of Appeals is affirmed. All sitting. Minton, C.J.; Hughes, Keller, and ' VanMeter, JJ., concur. Wright, J., concurs in part and dissents in part by separate opinion in which Cunningham, J., joins. . KRS 100.347(2) requires that the appeal be filed within thirty days; however, the thirtieth day, July 14, 2012, was a Saturday. By operation of CR 6.01 the filing deadline then became Monday, July 16, 2012. . The Appellants named as parties to the ap- . peal the Planning Commission itself and all of its members in their official capacities. The members named are Jeff Caldwell, John Shirley, Jimmy Richardson, Melissa Waite, Greg Hampton, Frank Wiseman, Janet Holland, Horace Wynn and Rob Jones. The Planning Commission and its members are referred to collectively as “the Planning Commission.” .Our reference to this fact should not be construed as our conclusion that the plaintiffs attorney is authorized to personally serve the summons issued to commence a civil action. Unlike the service of a subpoena in an existing action, we are aware of no rule or statute that allows for in-state service of the initial ■ process, the summons, by an attorney. See KRS 454.140; KRS 454.145; KRS 70.050; CR 4.01; and CR 4.04. . Whether this constituted proper service of the summons on the Bank is not an issue before us in this case. There is in the record before us no indication that the Bank was ever served by any other means. . As previously noted, we do not suggest that our rules or statutes authorize the in-state service of -the summons by the attorney who filed the complaint. See footnote 3. ‘