RENDERED: FEBRUARY 26, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1275-MR

ROBERT L. WHITESCARVER AND                                    APPELLANTS
DAVERY WHITESCARVER


                        APPEAL FROM WARREN CIRCUIT COURT
v.                      HONORABLE STEVE ALAN WILSON, JUDGE
                        ACTION NO. 18-CI-01580


R. WILLIAM A. SCHWANK, M.D.;
COMMONWEALTH HEALTH
CORPORATION, INC.;
COMMONWEALTH HEALTH
CORPORATION, INC. (OWNER OF
THE MEDICAL CENTER AT
BOWLING GREEN AND
ANESTHESIA AND PAIN
SPECIALISTS); AND DR. ROBERT
LOUIS WATSON, M.D.                                              APPELLEES


                        OPINION AND ORDER
                        AFFIRMING IN PART AND
                        DISMISSING IN PART

                        ** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; CALDWELL AND COMBS, JUDGES.

COMBS, JUDGE: Robert Whitescarver and Davery Whitescarver appeal from several orders of the Warren Circuit Court granting motions to dismiss their medical malpractice action against multiple defendants. We affirm the order of the circuit court dismissing Dr. Robert Watson. We dismiss the appeals against all the other appellees.

According to the Whitescarvers, Robert required a "pain pump" revision that was performed by Dr. William Schwank on April 13, 2016. The Whitescarvers alleged that following the revision, the pump malfunctioned, resulting in a reduction in the amount of pain medication that it delivered. The Whitescarvers alleged that the risks of implantation and malfunction of the medical device were not "properly accessed and treated" by Dr. Schwank, causing Robert "to suffer from under-dosing and withdrawal." The Whitescarvers averred that Dr. Schwank was then an agent or employee of Western Kentucky Orthopaedic and Neurosurgical Associates (Western Kentucky Ortho).

Subsequently, Robert's care was transferred to Dr. Robert Louis Watson. The Whitescarvers averred that Dr. Watson was then an agent or employee of Commonwealth Health Care Corporation, Inc. (CHC). They indicated that Dr. Watson practiced at the Medical Center at Bowling Green and Anesthesia and Pain Specialists of Bowling Green, P.S.C. ("Anesthesia and Pain Specialists") and alleged that the facility was owned and operated by CHC. The

Whitescarvers claimed that Dr. Watson breached the standard of care by failing to diagnose the malfunction of the implanted medical equipment. They contended that Robert suffered injury as a result of the malpractice.

On August 11, 2016, Dr. Peter Kroll diagnosed the medical device malfunction. In a procedure performed on October 28, 2016, Dr. Kroll corrected the "mechanical malposition" of the pump catheter. The Whitescarvers alleged that Robert's health continued to deteriorate and that Davery suffered the loss of consortium and Robert's services.

On August 11, 2017, pursuant to the provisions of Chapter KRS[1] 216C, the Whitescarvers filed a proposed civil complaint with a medical review panel. In an Opinion rendered in 2018, the Supreme Court of Kentucky struck down the statutory provision requiring medical review panels to review proposed malpractice actions before they could be filed in court as "an unacceptable deviation from . . . '[t]he right of every individual in society to access a system of justice to redress wrongs.'" *Commonwealth of Kentucky v. Claycomb, by and Through Claycomb*, 566 S.W.3d 202, 214 (Ky. 2018) (quoting *O'Bryan v. Hedgespeth*, 892 S.W.2d 571, 578 (Ky. 1995)).

The Whitescarvers then filed a civil action in Warren Circuit Court. Named as defendants were: Dr. Schwank; Western Kentucky Ortho; Dr. Watson;

---

[1] Kentucky Revised Statutes.

CHC; and CHC as owner of the Medical Center at Bowling Green and Anesthesia and Pain Specialists. The Whitescarvers alleged that they had discovered the medical malpractice which served as the basis of their claims on August 11, 2016.

On December 4, 2018, Western Kentucky Ortho filed a motion to dismiss. It argued that the Whitescarvers had not included it as a defendant in their proposed complaint filed with the medical review panel and that, therefore, the civil action naming it as a defendant had been filed outside the limitations period.

On January 3, 2019, CHC made a limited appearance. CHC explained that while it had been named as a defendant in the civil action filed in Warren Circuit Court, it had not been served with process. Assuming that it would be properly served, CHC argued that the action should nevertheless be dismissed. CHC argued that the one-year period of limitations had expired before the Whitescarvers filed their proposed complaint with the medical review board on August 11, 2017. It observed that the Whitescarvers averred the alleged injury had been first discovered on August 11, 2016, and that the action had accrued on that date. It contended that because the Whitescarvers had failed to file their proposed complaint "within one year after the cause of action accrued," the proceedings initiated before the medical review panel had not tolled the period of limitations

The Whitescarvers filed their response to CHC's motion on January 9, 2019. They contended that the proposed complaint had been timely filed,

incorrectly arguing that the day on which the cause of action accrued is **not** to be included in the computation of the limitations period. KRS 413.425 prescribes the limitations period for any action to be brought for professional service malpractice. Case law clearly defines the computation of time to include the date on which the malpractice occurred or was discovered:

> The discovery rule, a means by which to identify the "accrual" of a cause of action when an injury is not readily ascertainable or discoverable, was first enunciated in *Tomlinson v. Siehl,* Ky., 459 S.W.2d 166 (1970), and later refined in *Hackworth v. Hart*, Ky., 474 S.W.2d 377 (1971): "[T]he statute begins to run on the date of the discovery of the injury, or from the date it should, in the exercise of ordinary care and diligence, have been discovered." *Id.* at 379.

*Wiseman v. Alliant Hosps., Inc.*, 37 S.W.3d 709, 712 (Ky. 2000). Nonetheless, they continued to argue that their period of limitation had begun on August 12, 2019, rather than their admitted discovery date of August 11, 2016.

On January 10, 2019, the Whitescarvers responded to the motion to dismiss filed by Western Kentucky Ortho. They reasserted their position that the proposed complaint had been timely filed. They also contended that they had a right to conduct discovery to determine whether Western Kentucky Ortho and CHC knew that a proposed medical malpractice action had been filed with the medical review panel against doctors in their respective practices.

Dr. Swank made a limited appearance on January 10, 2019. He, too, explained that while he had been named as a defendant in the civil action, he had not been served with process. Assuming that service would be properly accomplished, Dr. Swank also argued that the action should be dismissed. He also contended that the period of limitations had expired before the Whitescarvers had filed their proposed negligence action with the medical review panel on August 11, 2017.

On January 10, 2019, Anesthesia and Pain Specialists and Dr. Watson made limited appearances. They reported that neither of them had been served with process but, assuming that service would be accomplished, they intended to join in the motions to dismiss filed by CHC and Dr. Swank.

On January 14, 2019, the Whitescarvers filed a further response to the motions to dismiss. They argued again that the filing of the proposed complaint with the medical review panel on August 11, 2017, tolled the period of limitations and that the action could not be dismissed on the basis that it was untimely. With respect to "the medical practices which were not named in the original filing [with the medical review panel]," the Whitescarvers argued that the limitations period "if it is tolled, it is tolled for all." In the alternative, the Whitescarvers contended again that they should be permitted to discover whether the business entities knew

that doctors affiliated with their businesses had been named in the proposed medical malpractice action.

On January 28, 2019, CHC filed its answer to the complaint. It asserted insufficiency of process as a defense to the action and contended that the complaint was untimely. CHC admitted that it owned the Medical Center at Bowling Green but denied that it owned any entity known as Anesthesia and Pain Specialists. CHC filed the affidavit of Murry A. Raines, one of its attorneys. Raines explained that he was not an officer or managing agent of CHC and was not authorized to receive or accept service on behalf of CHC. Nevertheless, he received a civil summons directed to Dr. Schwank (but addressed in care of Western Kentucky Ortho) and a copy of a portion of the complaint naming CHC as a defendant in the U.S. mail on January 14, 2019 -- two months after the complaint had been filed in Warren Circuit Court. The envelope had not been posted by the clerk of the court but by the Whitescarvers' attorney.

John Chaney, Vice-President for Risk Management of CHC, also provided an affidavit. Chaney testified that he was on record with the Kentucky Secretary of State's Office as the registered agent for service of process, but he had never been served with a summons or a copy of the complaint filed in the Whitescarvers' action. CHC filed a renewed motion to dismiss on the bases of insufficiency of process and insufficiency of service of process.

In an order entered on February 25, 2019, the circuit court granted the motion of Dr. Watson and Anesthesia and Pain Specialists to dismiss. In an order entered on March 1, 2019, the circuit court granted the motion of Western Kentucky Ortho to dismiss.[2] This order was designated as final and appealable with no just cause for delay.

On March 1, 2019, the Whitescarvers filed a motion to alter, amend, or vacate these orders dismissing. On July 26, 2019, the circuit court clerk entered the order denying the Whitescarvers' motion to alter, amend, or vacate the orders dismissing.

In an order entered on March 19, 2019, the circuit court dismissed the claims asserted against CHC. This order was based on the insufficiency of process and the insufficiency of service of process. The order was designated as final and appealable with no just cause for delay.

On August 22, 2019, the Whitescarvers filed a notice of appeal. On September 23, 2019, CHC filed a motion with this Court seeking to have the appeal dismissed. CHC contended that the appeal of the court's order dismissing the complaint against it was untimely as the final and appealable order had been entered on March 19, 2019. Because no motion to alter, amend, or vacate the order had been filed, the Whitescarvers had thirty days in which to file a notice of

---

[2] The Whitescarvers did not appeal the order dismissing Western Kentucky Ortho.

appeal. Because it did not become aware of the Whitescarvers' intent to appeal for more than five months after the final order was entered, CHC contended that the appeal had to be dismissed pursuant to the provisions of CR[3] 73.02(2).

In response, the Whitescarvers argued that their motion to alter, amend, or vacate -- though it was filed nearly three weeks before entry of the court's order dismissing the action against CHC -- "should have enveloped all parties, none were [*sic*] excluded in this motion." The Whitescarvers argued that their March 1 motion to alter, amend, or vacate was "much like the relation back of a notice of appeal that is filed prematurely." On October 8, 2019, Dr. Schwank filed his own motion to dismiss the appeal upon the same basis. The Whitescarvers provided the same response.

In an order entered on December 18, 2019, we denied the separate motions to dismiss. However, citing our decision in *Commonwealth Bank & Trust Company v. Young*, 361 S.W.3d 344, 350 (Ky. App. 2012), we specifically noted that a full-judge merits panel "retains authority to review decisions on motion panel that do not finally dispose of the case." We also advised that the Whitescarvers' prehearing statement was overdue.

The Whitescarvers tendered a brief to this Court on June 3, 2020. However, it did not conform to the express requirements of CR 76.12 in that it

---

[3] Kentucky Rules of Civil Procedure.

failed to include an appendix containing the orders under review. By our order entered on June 30, 2020, the Whitescarvers' tendered brief was filed. Additionally, we granted the Whitescarvers' motion for leave to amend their non-compliant brief. We ordered any amendment to be filed on or before 7 days from the date of the order.

The Whitescarvers' amended brief was filed on July 8, 2020. The brief failed to include a proper statement of the case as required by the provisions of CR 76.12 as it did not contain a chronological summary of the facts necessary to an understanding of the issues presented. Nor did the argument conform to our civil rule requiring at its beginning a statement with reference to the record showing whether the issue was properly preserved for review. CR 76.12(4)(c)(v). Nevertheless, we can discern from their brief that the Whitescarvers present two issues for our consideration: whether the circuit court erred in its computation of the period of limitations and whether the circuit court erred by concluding that CHC had not been properly served with process.

Before we consider the issues presented by the Whitescarvers, we first address the assertion of Anesthesia and Pain Specialists that this Court lacks jurisdiction to disturb the circuit court's order dismissing the malpractice action against it as it was not identified as an appellee in the notice of appeal. The Whitescarvers have made no response.

A notice of appeal is "the procedural instrument by which an appellant invokes the appellate court's jurisdiction." *Flick v. Estate of Wittich*, 396 S.W.3d 816, 819 (Ky. 2013) (internal quotation marks and citation omitted). While the provisions of CR 73.03(1) require that all appellants and appellees be named in the notice of appeal, the body of the Whitescarvers' notice fails to specify any party as an appellee. Nevertheless, courts of the Commonwealth have held that "naming a party in the caption of the notice is . . . sufficient to satisfy the rule, even [where] the party is not named in the body of the notice." *Lassiter v. American Express Travel Related Services, Co., Inc.*, 308 S.W.3d 714, 718 (Ky. 2010). Dr. Schwank; Dr. Watson; CHC; and CHC as "owner of The Medical Center at Bowling Green, and Anesthesia and Pain Specialists" appear as party-defendants in the style of action as captioned in the notice of appeal. Therefore, we conclude that these appellees were given fair notice that the Whitescarvers intended on attempting to include them as parties on appeal. *See Blackburn v. Blackburn*, 810 S.W.2d 55 (Ky. 1991).

However, there is an identity problem as to Anesthesia and Pain Specialists of Bowling Green, P.L.C. It is not the same business entity as CHC as "owner of The Medical Center at Bowling Green, and Anesthesia and Pain Specialists." The confusion in names does not serve to satisfy the specificity requirements of the notice of appeal. Anesthesia and Pain Specialists of Bowling

Green, P.L.C., is not properly identified as an appellee in the body of the notice, nor does it even appear in the caption of the notice. Therefore, because this entity has not been properly named, we are without jurisdiction, and we hereby dismiss the appeal with respect to it.

Next, we must consider the contention of Dr. Watson that regardless of when the Whitescarvers' claims are said to have accrued or how the period of limitations is calculated, the Whitescarvers never properly commenced a civil action against him. He argues that summons was not issued in good faith and that he was never served with process.

The Whitescarvers argue that service of process is curable by re-serving the process. They urge the Court to take judicial notice of the fact that service of process by an attorney is permitted under the Federal Rules of Civil Procedure and the state courts of Tennessee. They also allege that Dr. Watson could not be located to be served.

Pursuant to our rules of civil procedure, a civil action is commenced by the filing of a complaint with the court and the issuance of a summons or warning order thereon in good faith. CR 3.01. Similarly, KRS 413.250 provides that "[a civil] action shall be deemed to commence on the date of the first summons or process issued in good faith from the court having jurisdiction of the

cause of action." There is no provision that allows for in-state service of initial process **by an attorney**. *See Isaacs v. Caldwell*, 530 S.W.3d 449 (Ky. 2017).

The Whitescarvers' complaint was filed on November 16, 2018. Dr. Watson made a limited appearance before the Warren Circuit Court on January 10, 2019. He reported that he had not been served with process.

On March 4, 2019, the clerk filed in the record an envelope hand-addressed to Dr. Watson (in care of Anesthesia and Pain Specialists) -- presumably containing the summons directed to Dr. Watson and a copy of the complaint. The unopened envelope was marked "return to sender" as it was not deliverable as addressed. On March 25, 2019, the clerk filed in the record another envelope hand-addressed to Dr. Watson (at the same street address as the envelope addressed to Anesthesia and Pain Specialists but with a different suite number) -- presumably containing another summons directed to Dr. Watson and a copy of the complaint. The unopened envelope was marked "return to sender" as it, too, was undeliverable as addressed. The Whitescarvers made no further attempt to have Dr. Watson served with process. More than eight months elapsed before the circuit court finally ordered the action against him dismissed.

Dr. Watson contends that the action was never properly commenced because the summons was not issued in good faith. He argues that in the absence of any valid explanation for the delay in having him served, we may presume that

the summons did not issue in good faith. Under the circumstances, we are inclined to agree that the only attempts at service of process were not actually calculated to serve Dr. Watson. Nevertheless, as Dr. Watson has never been served and no warning order was issued, we need not determine the issue of good faith as to whether a civil action was commenced by the filing of a complaint with the court and the issuance of a summons or warning order thereon. The circuit court never acquired personal jurisdiction over Dr. Watson. Consequently, it did not err by eventually dismissing the action against him. Therefore, we affirm the order of the circuit court dismissing him.

Finally, we address the two issues presented by the Whitescarvers on appeal. They contend that the circuit court erred in its computation of the period of limitations. However, we have already determined that the computation of time by the Whitescarvers was erroneous. They also claim that the circuit court erred by concluding that CHC had not been properly served with process.

Because we are specifically authorized to do so, we revisit our order entered on December 18, 2019, wherein we denied the motion to dismiss this appeal with respect to CHC. As summarized above, CHC contended that the appeal of the court's order dismissing the complaint against it was untimely because the final and appealable order had been entered on March 19, 2019 -- more than five months before the notice of appeal was filed.

Under our rules of civil procedure, a motion filed pursuant to CR 59.05 to alter, amend, or vacate an order suspends the running of the time for appeal. *Hoffman v. Hoffman*, 500 S.W.3d 234 (Ky. App. 2016). However, where no such motion is filed, the time to appeal a trial court's final order is not tolled. The Whitescarvers did **not** file a motion to alter, amend, or vacate the circuit court's order dismissing CHC. Therefore, the time to appeal the order expired thirty days after March 19, 2019. The Whitescarvers' notice of appeal -- filed more than five months after entry of the order dismissing CHC -- was untimely with respect to CHC. Consequently, the appeal of that order must be, and is hereby, dismissed.

Resolution of the only remaining issue -- whether the circuit court erred in its computation of the period of limitations -- would be relevant only as to the sole remaining appellee, Dr. Schwank. However, no order dismissing the action against him appears in the appendix to the Whitescarvers' brief, and we have found none through our review of the record.[4]

It is well established that the court speaks through its "written orders entered upon the official record." *Energy and Environment Cabinet v. Concerned*

---

[4] Although Courtnet reflects a dismissal with respect to Dr. Schwank, no such order of dismissal was certified to or received by this Court as part of the record on appeal. Nor was a copy appended to the Whitescarvers' brief in compliance with the Court's rule.

*Citizens of Estill County, Inc.*, 576 S.W.3d 173, 175 (Ky. App. 2019) (quoting

*Oakley v. Oakley*, 391 S.W.3d 377, 378 (Ky. App. 2012)).

Where we are without jurisdiction to entertain an appeal, dismissal is warranted. Because there is no final and appealable order appearing of record, the appeal with respect to Dr. Schwank is hereby dismissed.

To recapitulate, we have sufficient basis to dismiss all of these appeals as having been untimely filed pursuant to KRS 413.245, the one-year statute of limitations. Nonetheless, we have reviewed the other arguments pertaining to each appellee. We AFFIRM the dismissal of Dr. Robert Watson by the Warren Circuit Court. We would AFFIRM that court's dismissal of all of the remaining appellees, but because our jurisdiction was never properly invoked as discussed in detail above, we are compelled to DISMISS these remaining appellees. It is hereby so ORDERED.

ALL CONCUR.


Date: February 26, 2021                    /s/ Sara W. Combs
                                           COURT OF APPEALS JUDGE

-16-

BRIEFS FOR APPELLANT:

Nancy E.S. Calloway
Elkton, Kentucky

BRIEF FOR APPELLEE
COMMONWEALTH HEALTH
CORPORATION, INC., AND
COMMONWEALTH HEALTH
CORPORATION, INC. (owner of The
Medical Center at Bowling Green and
Anesthesia and Pain Specialists):

J. Kyle Roby
Bowling Green, Kentucky

BRIEF FOR APPELLEES ROBERT
L. WATSON, M.D. AND
ANESTHESIA AND PAIN
SPECIALISTS OF BOWLING
GREEN, P.S.C.:

Daniel G. Brown
Robert J. Shilts
Louisville, Kentucky

BRIEF FOR APPELLEE DR.
WILLIAM A. SCHWANK, M.D.:

Richard P. Schiller
Louisville, Kentucky