RENDERED:  MAY 1, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1416-MR


COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES                                                        APPELLANT


|     | APPEAL FROM FRANKLIN CIRCUIT COURT |
| --- | --- |
| v. | HONORABLE THOMAS D. WINGATE, JUDGE |
|     | ACTION NO. 23-CI-00910 |


RITA RICHARDSON AND
COMMONWEALTH OF KENTUCKY,
KENTUCKY PERSONNEL BOARD                                     APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND McNEILL, JUDGES.

ACREE, JUDGE:  The Cabinet for Health and Family Services (CHFS) challenged

a final order of the Kentucky Personnel Board (KPB) in Franklin Circuit Court but

failed to serve KPB through the Attorney General until more than six months after

commencing the action and issuing summons. The trial court granted KPB's motion to dismiss, finding CHFS acted with "unreasonable delay." We affirm.

The right to appeal a final order of the KPB is a statutory creation, codified in KRS[1] 18A.100. The appeal proceeds in circuit court pursuant to KRS 13B.140. The right to further appeal to this Court is codified in KRS 13B.160. In this matter, both parties contend disposition turns on a pure question of law, which we review *de novo*. *Puckett v. Cabinet for Health and Family Services*, 621 S.W.3d 402, 407 (Ky. 2021). We do not agree, however, that *disposition* of that appeal is necessarily a question of law.

The trial court made a factual finding that renders CHFS's argument on appeal moot, and we review the trial court's factual finding for clear error. CR[2] 52.01. We develop further factual and procedural background as necessary.

CHFS initiated the action on October 4, 2023, and a summons issued for Appellee Rita Richardson and KPB. The parties agree Richardson was timely served but KPB was not. As of April 11, 2024, more than six months after summons issued, KPB filed a motion to dismiss because it was not properly served through the Attorney General as required by CR 4.04(6). CHFS had the summons served through the Attorney General one day later.

---

[1] Kentucky Revised Statutes.

[2] Kentucky Rules of Civil Procedure.

On appeal, CHFS argues its "good faith" effort to serve KPB through the Attorney General was sufficient. (Appellant's Brief 4). But even assuming *arguendo* CHFS is correct that "good faith" compliance *could be* sufficient,[3] the trial court did not find CHFS acted in "good faith." Rather, it found CHFS acted with "unreasonable delay." (Record (R.) 109).

In *Isaacs v. Caldwell*, the Kentucky Supreme Court affirmed dismissal for delayed service, based on the trial court's finding the "'Appellant[s] failed to issue a summons in good faith when [counsel] made no diligent effort to hire a servicer, or to personally serve [the defendant] until August of 2012,' more than three weeks after the expiration of the time for commencing the action." 530 S.W.3d 449, 457 (Ky. 2017). The Kentucky Supreme Court therein noted: "The trial court's finding of fact on this issue is supported by substantial evidence and so is binding in our review." *Id.*

Here, the trial court made a finding CHFS's failure to have the summons properly served through the Attorney General, as required by rule, amounted to "unreasonable delay," a finding incompatible with "good faith."

---

[3] Because this is an administrative appeal, the trial court cited *Board of Adjustments of City of Richmond v. Flood* for the proposition: "When grace to appeal is granted by statute, a strict compliance with *its terms* is required. Where the conditions for the exercise of power by a court are not met, the judicial power is not lawfully invoked. That is to say, that the court lacks jurisdiction or has no right to decide the controversy." 581 S.W.2d 1, 2 (Ky. 1978) (emphasis added). But the requirement an agency of the Commonwealth be served through the Attorney General is not a term in the statute that authorized the appeal, *i.e.*, KRS 18A.100, but rather, is a requirement imposed by CR 4.04(6).

CHFS's "good faith" argument is therefore irrelevant if the trial court's finding is supported by substantial evidence.

There is no dispute CHFS made no effort to have KPB properly served through the Attorney General until after the motion to dismiss was filed. As the trial court explained: "Here, [CHFS] sat on the summons for over six (6) months without attempting to serve the summons on any person, even the wrong person." (R. 108-09). Because this evidence supports the trial court's finding CHFS did not act in good faith, but rather, acted with "unreasonable delay," the finding is binding on our review and fatal to CHFS's appeal.

In *Isaacs*, "counsel did nothing to advance the service upon the [defendant] for three weeks, when he engaged the constable shortly before the [defendant] moved for dismissal. . . . Appellants offer no compelling explanation for the delay other than counsel's preference for securing a waiver of service of process." 530 S.W.3d at 457. In that case, dismissal was affirmed even where counsel served summons *before* a motion to dismiss was filed, *three weeks* after commencement of the action.[4] Here, CHFS effectuated proper service through the

---

[4] In *Isaacs*, "Appellants' counsel had retained a constable to serve the summons on the Bank. The constable proceeded to attempt service of the summons and the initial pleading (the Appeal) by handing it to a Bank teller who was not the Bank's registered agent for service of process." 530 S.W.3d at 453. The Court specifically noted: "Whether this constituted proper service of the summons on the Bank is not an issue before us in this case." *Id.* at 453 n.4.

-4-

Attorney General only *after* a motion to dismiss had been filed, *six months* after commencement of the action. The trial court did not err.

Based on the foregoing, the November 11, 2024 Order of the Franklin Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Olivia M. Peterson
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Erritt H. Griggs
Frankfort, Kentucky